UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Tina Marie Thornton,

         Plaintiff,

  v.

Commissioner of Social Security,

         Defendant.

**Decision and Order**

18-CV-1045 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 9, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.* "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e).

3

The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff challenges the Commissioner's final determination on several grounds. One ground is that the ALJ crafted an RFC with a level of detail not substantiated by the record. The ALJ found that plaintiff had the severe impairment of degenerative disc disease. [16.] After assessing the record, the ALJ made the following RFC determination, reprinted in full:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant cannot climb ladders, ropes, or scaffolds; can occasional[ly] climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; would need to alternate sit and stand [sic] to alleviate pain and discomfort hourly while remaining at the workstation; can occasionally overhead reach; must avoid concentrated exposure to extreme heat and cold, humidity, wetness, excessive noise and bright lights outside of a normal office setting, and to excessive vibrations; and must avoid hazardous machinery, unprotected heights, and open flames.

[17.] Plaintiff finds fault with this RFC in two ways. "In this case, the ALJ found [that] Plaintiff needed to alternate sitting and standing to alleviate pain and discomfort each hour. T 14. However, there was no basis for this finding in the record, which was error." (Dkt. No. 9-1 at 22.) "Here, Plaintiff testified she would need to alternate every 15–20 or 30 minutes." (*Id.* at 23.) At the same time, according to plaintiff,

> [T]he ALJ erred by not accounting for Plaintiff's impairment of anxiety in the RFC. Plaintiff consistently reported anxiety. T 276, 317, 540, 552, 564, 570, 5748, 584, 596, 603, 609, 615, 627, 639, 645, 651, 657, 663, 669, 675, 681, 688. She was prescribed Valium for severe anxiety throughout a majority of the record. T 280, 296, 305, 313, 321, 328, 460, 466, 520, 526, 532, 550, 562, 568, 574, 582, 588, 594, 607, 613, 619, 625, 631, 637, 643, 649, 655, 661, 667, 673, 679, 685, 692. Certainly someone who is prescribed Valium for that length of time has a rather significant impairment, which the ALJ did not properly account for. It was error for the ALJ to fail to account for Plaintiff's anxiety in his RFC finding. The VE testified that any individual who was off task more than 15% of the day or absent more than one day a month would be unemployable. T 72–73. Plaintiff's anxiety could more than likely cause at least one of these. She said she rarely left her house. T 45. It may cause other limitations, such as restrictions in dealing with the public or crowds or working in group tasks with other coworkers. Plaintiff testified she struggled with being

4

around others. T 45, 46. But the ALJ did not account for this in any way in his RFC. He had no opinions which addressed her anxiety either, instead relying on his own opinion again. *See Defrancesco*, 2017 WL 4769004, at *2 (It is "unclear how the ALJ, who is not a medical professsional, was able to make this determination without reliance on a medical opinion."). The ALJ's mental RFC finding was thus not supported by substantial evidence.

(*Id.* at 24–25; *see also* Dkt. No. 14 at 1–2.) The Commissioner responds that

> Although Plaintiff had positive exam findings during the relevant period, she walked unassisted at all but one examination and consistently showed no sign of distress (Tr. 278–79). She nearly always reported her medication regimen decreased her pain and allowed her to perform her activities of daily living more effectively, and she elected to rely on conservative treatment (Tr. 276, 697). *See Mitchell v. Colvin*, No. 15-CV-6729P, 2017 WL 3188582, at *17–18 (W.D.N.Y. July 27, 2017) (ALJ properly determined that the claimant could perform sedentary work in part based upon her relatively conservative post-surgery treatment). Moreover, Drs. Calabrese and Hart opined that Plaintiff could work with restrictions, i.e., she should lift no more than 20 pounds, *alternate sitting, standing, walking and driving every hour*, and avoid excessive repetitive motions (Tr. 280). This opinion, reiterated throughout the relevant period, provides substantial evidence to support the ALJ's finding that Plaintiff could perform a reduced range of sedentary work, except that she would need, inter alia, to alternate sitting and standing every hour (Tr. 14). *See* 20 C.F.R. § 416.945(a)(3) (stating that the Commissioner will assess RFC "based on all of the relevant medical and other evidence[,]" including statements provided by medical sources about what a claimant can still do and the claimant's self-reported limitations).

(Dkt. No. 13-1 at 12.) With respect to plaintiff's complaints of anxiety, the Commissioner argues that "[a] review of the record shows Plaintiff was pleasant, cooperative, and fully oriented on exam and generally noted to have a positive and appropriate affect (Tr. 269, 278-79, 536, 542, 548, 554, 560, 566, 572, 580, 586, 592, 598, 605, 611, 617, 623, 629, 635, 641, 647, 653, 659, 665, 671, 677, 683, 690). Plaintiff also nearly always reported her anxiety symptoms were well controlled or improved with medication (Tr. 276, 534, 546, 558, 570, 578, 584, 590, 596, 603, 609, 615, 621, 627, 633, 639, 645, 651, 657, 663, 669, 675, 681, 688)." (*Id.* at 14.)

The Commissioner has the better argument here. Dr. Cheryle Hart examined plaintiff on September 11, 2014 and found her "pleasant and cooperative with a straightforward manner in no acute distress." [272.] Dr. Hart found plaintiff's mood positive and affect appropriate. [272.] Dr.

5

Hart acknowledged plaintiff's anxiety among her diagnoses [274], but she nonetheless found plaintiff "capable of performing light work exertional activities." [275.] Dr. Michael Calabrese, a physician in the same office as Dr. Hart, examined plaintiff one month earlier and made similar findings. [281.] Critically, as the Commissioner has noted, Dr. Calabrese added the following comment that was labeled a "work restriction" but effectively was a medical source statement: "No lifting greater than 10–20 lbs, alternate sitting, standing, walking and driving every hour, and avoid excessive repetitive motions such as bending, squatting, climbing, carrying, pushing, pulling, kneeling, stooping and overhead reaching." [283.] On January 13, 2015, Dr. Hart saw plaintiff again and maintained her position that plaintiff could perform light work exertional activities. [541.] Considering that Dr. Hart's work restrictions came after Dr. Calabrese's recommended restrictions and arguably are less restrictive, the record could be interpreted to mean that plaintiff improved somewhat after seeing Dr. Calabrese. The ALJ nonetheless met plaintiff and her testimony partway by following Dr. Calabrese's restrictions. *Cf. Voyton v. Berryhill*, No. 6:17-CV-06858-MAT, 2019 WL 1283819, at *8 (W.D.N.Y. Mar. 20, 2019) (RFC consistent with work restrictions in the record); *Thogode v. Colvin*, No. 3:14-CV-1051 DNH/TWD, 2015 WL 5158733, at *6 (N.D.N.Y. Sept. 2, 2015) (same). The ALJ also acted within the scope of the evidence by acknowledging plaintiff's anxiety while also noting that it was not debilitating. The only part of the RFC that is somewhat puzzling is the list of environmental restrictions regarding temperature, humidity, and lights. Nothing in the record appears to warrant those conditions directly; perhaps the ALJ was reacting to Dr. Hart's diagnosis in 2015 of plaintiff's post-traumatic headache. [541.] In any event, the additional restrictions would make a disability determination more likely and not less likely, meaning that any error by the ALJ was harmless. *Cf. Edmonds v. Saul*, No. 3:18 CV 1401 (RMS), 2019 WL 6522243, at *11 (D. Conn. Dec. 4, 2019) (no error in finding additional environmental restrictions beyond a physician's opinion).

6

Plaintiff also challenges the Commissioner's credibility finding of her testimony—that the severity of her symptoms was not entirely consistent with the medical evidence—as erroneous. "In this case, the ALJ erred in his credibility determination. He found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms inconsistent with the medical evidence. T 15. He then goes on to cite that she alleged degenerative disc disease, but she is able to attend her doctor's appointments. T 15. It is unclear how adhering to medical treatment is inconsistent with disability." (Dkt. No. 9-1 at 26.) "Even if Plaintiff worked at some points part time, that is not equivalent to full time work." (*Id.* at 27.) The Commissioner responds that the ALJ did not find plaintiff incredible; he found only that plaintiff had a higher level of functioning in the record than her testimony would suggest:

> The ALJ provided various reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical or other evidence in the record (Tr. 15). In particular, Plaintiff had missed three consecutive consultative examinations (Tr. 15). Although she alleged she could not attend the consultative exams due to anxiety, Plaintiff had no difficulty presenting herself for other medical appointments, and well after her alleged onset date, she worked 35 hours per week at K-Mart (Tr. 15, 265, 267). *See Rivers*, 280 F. App'x at 23 (recognizing that a claimant's work activity during the relevant period may support his ability to perform work within the RFC); *Cabrero-Gonzalez v. Colvin*, No. 13-CV-6184-FPG, 2014 WL 7359027, at \*19 (W.D.N.Y. Dec. 23, 2014) (holding that ALJ properly discredited claimant's allegations in part because claimant had worked after his alleged onset date). The ALJ also identified inconsistencies between Plaintiff's testimony and the medical record (Tr. 15). *See Cabrero-Gonzalez*, No. 13-CV-6184-FPG, 2014 WL 7359027, at \*19-20 (finding no error in the ALJ's credibility finding where the ALJ relied, in part, on various inconsistencies in the record detracting from claimant's credibility). Although Plaintiff testified she had been prescribed a cane some years earlier, the record contained no evidence of a prescription for a cane (Tr. 15). Further, while Plaintiff testified to migraine headaches twice a week for the last eight years, the medical record did not support such a high frequency of headaches (Tr. 15).
> 
> The totality of the medical evidence did not corroborate Plaintiff's subjective symptomatology to the disabling extent she alleged, but rather supports a greater level of functioning (*see* Tr. 15). As discussed above, Plaintiff's examination findings did not support greater limitations than those accommodated by the ALJ's RFC finding for a reduced range of sedentary work. Plaintiff had only mildly reduced

7

strength and normal sensation during her consultative examination in April 2017 with Dr. Sherban, walked unassisted at all but one examination during the relevant time, and consistently showed no sign of distress (Tr. 278–79, 695–96). She was also pleasant, cooperative, and fully oriented on exam and generally noted to have a positive and appropriate affect (Tr. 269, 278–79, 536, 542, 548, 554, 560, 566, 572, 580, 586, 592, 598, 605, 611, 617, 623, 629, 635, 641, 647, 653, 659, 665, 671, 677, 683, 690).

(Dkt. No. 13-1 at 15–16.)

The Commissioner again has the better argument. As noted above, the ALJ acknowledged plaintiff's degenerative disc disease as a severe impairment and followed her treating physicians' assessments that she needed work restrictions but otherwise had functional exertional capacities. With respect to plaintiff's anxiety, the record contains a number of citations—noted by the Commissioner—such as the citation on January 13, 2015 that plaintiff's anxiety medication was "very relieving." [537.] The ALJ thus had a basis to decide that plaintiff's testimony about severity of symptoms could not "reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 416.929(c)(3); *see also Smith v. Comm'r*, No. 16-CV-953 HBS, 2018 WL 5076918, at *2 (W.D.N.Y. Oct. 17, 2018) (anxiety controlled with medication); *Britton v. Colvin*, No. 5:13-CV-00907, 2015 WL 1413382, at *15 (N.D.N.Y. Mar. 27, 2015) (affirming denial of benefits where the plaintiff maintained activities of daily living and some control over mental impairments); *Casler v. Astrue*, 783 F. Supp. 2d 414, 417 (W.D.N.Y. 2011) ("According to her treating physicians, her outlook has improved, her medications are as effective as can be expected, and plaintiff is succeeding in her efforts to manage her anxiety and avoid isolating herself, attending family events and yard sales, and planning a vacation."). While plaintiff focused repeatedly on the term "credibility," the ALJ was careful to focus on consistency with the overall record. *See generally* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017).

In all, while plaintiff's arguments are not without some support in the record, she has not made enough of a showing under the applicable standard. "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (internal quotation marks and citation omitted); *see also Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) ("We examine evidence both supporting and detracting from the decision, and we cannot reverse the decision merely because there exists substantial evidence supporting a different outcome.") (citation omitted); *Henderson v. Comm'r*, No. 18-CV-00072, 2019 WL 3237343, at *5 (W.D.N.Y. July 18, 2019) (affirming ALJ resolution of RFC where treating physician records supported exertional limits despite other evidence in the record). Under these circumstances, the Court is obligated to affirm the Commissioner's final determination regardless of how it might have viewed the evidence in the first instance.

## III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 13) and denies plaintiff's cross-motion (Dkt. No. 9).

The Clerk of the Court is directed to close the case.

SO ORDERED.

/s Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: February 26, 2020